# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
June 9, 2020

Lyle W. Cayce
Clerk

No. 19-10259
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JOSE LUIS ZAPATA-CAMACHO,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:18-CR-237-1

Before BARKSDALE, HAYNES, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Jose Luis Zapata-Camacho pleaded guilty, without a plea agreement, to one count of illegal reentry after removal, in violation of 8 U.S.C. § 1326(a). The district court sentenced him to, *inter alia*, a within-Sentencing Guidelines sentence of 60-months' imprisonment. Zapata challenges this sentence, asserting: his prior Texas conviction for possession, with intent to deliver, a controlled substance, in violation of Texas Health & Safety Code § 481.112(a),

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

does not qualify as an aggravated felony under 8 U.S.C. § 1326(b)(2) (establishing 20-year maximum prison sentence upon conviction for illegal reentry following aggravated-felony conviction); and the district court, therefore, erred by referencing § 1326(b)(2) in its judgment.

Although post-*Booker*, the Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Zapata (as he concedes) did not, however, preserve this issue in district court; therefore, review is only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). Under that standard, Zapata must show a forfeited plain error (clear or obvious error, rather than one subject to reasonable dispute) that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, we have the discretion to correct such reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.*

Zapata's prior statute of conviction, Texas Health & Safety Code § 481.112(a), is indivisible and includes an offer to sell. *United States v. Oronia-Camacho*, 772 F. App'x 159, 160 (5th Cir. 2019) (per curiam) (citations omitted). Moreover, an offer to sell a controlled substance does not qualify as

an aggravated felony. *Id.* (citation omitted).  Accordingly, Zapata is correct his prior conviction is not an aggravated felony under § 1326(b)(2); instead, it was a felony conviction for purposes of 8 U.S.C. § 1326(b)(1) (establishing 10-year maximum prison sentence upon conviction for illegal reentry following, *inter alia*, felony conviction).

This error does not require vacating Zapata's sentence, however, because Zapata fails to show it affected his substantial rights.  To do so, Zapata "bears the burden to prove the error affected the outcome in the district court".  *United States v. Mondragon-Santiago*, 564 F.3d 357, 369 (5th Cir. 2009).  But, he has not demonstrated the different 10-year (under § 1326(b)(1)) and 20-year (under § 1326(b)(2)) statutory maximums impacted the 60-month (five-year) sentence he received.

Nevertheless, it is appropriate to reform the judgment to reflect the correct statutory provision.  *See, e.g.*, *id.*  At present, the judgment reflects a conviction under 8 U.S.C. § 1326(a) and both 8 U.S.C. §§ 1326(b)(1) and (b)(2).

AFFIRMED; REMANDED for the limited purpose of the district court's correcting the judgment to delete its reference to 8 U.S.C. § 1326(b)(2).